Spear, J.
It is shown by the record that Flora E. Chamberlain is the sole legatee and devisee under the will of George Van Pool, deceased, and the sole executrix named therein. Said will was duly admitted to probate and record by the probate court of Wyandot county on May 8, 1904, and Flora E. Chamberlain was then appointed by said court sole executrix. She was in no way related to the testator. George Van Pool was at the time of his decease a resident of Wyandot county. He died leaving no next of kin or heirs at law. On or about May 22, 1905, the executrix tendered her resignation to said court which was accepted. At *273 that time the personal property of the estate unadministered was of the amount and value of $3,107, and the real estate was of the value of $22,555. Upon tendering her resignation the executrix gave a small bond as residuary legatee, but filed no inventory. April 18, 1906, the prosecuting attorney of Wyandot county made application to the probate court for the appointment of an administrator de bonis non of the estate of Van Pool on a representation that the estate remained unsettled and the duties of the executrix unperformed by reason of the fact that the collateral inheritance tax due the state and county had not been paid, although the same had been long past due and demand had been made therefor upon the executrix. Due notice having been given a hearing was had May 8, 1906, and the defendant in error, George J. Stecher, was appointed such administrator de bonis non with the will annexed, and thereupon gave bond as required by the order of the court. The motion for the removal of Stecher followed shortly thereafter.
In support of the contention that the circuit court erred in sustaining the judgment of the probate court in refusing to remove the administrator de bonis non it is insisted by counsel that the tax not being a tax upon property but merely upon the right to receive property, is not a debt against the estate, but is a claim against the beneficiary; that there is no power given the probate court, either by the collateral inheritance statute or otherwise, to appoint an administrator for the purpose of collecting the tax, and that no administrator is necessary in the collection of the tax because the *274 suit, if one is brought by the prosecuting attorney, will be against the beneficiary who is the real party in interest and hence the proper one to defend.
This proposition appears to us to ignore the scope and effect of the constitution and the statute. It does not at all follow that because there is no direct statutory warrant for the appointment of an administrator de bonis non for the special purpose indicated, there is no power in the court to make such appointment. The general power of appointment of administrators given by section 8, article IY of the constitution, inheres in the probate court until the business of the settlement of the estate is concluded, until the executor or administrator has fully performed all the duties enjoined upon him by law in the discharge of the trust. Hence it is not essential that it be made to appear that debts as such remain unpaid; it is enough if it be shown that the legal duties of the trusteeship to the state have not all been performed. The statute (section 273i-i, Revised Statutes, and following), imposes specific obligations and enjoins specific duties on executors and administrators. As there provided, and as held in Executors v. The State, 72 Ohio St., 448: “The right to inherit shall be taxed. The tax shall become due and payable immediately upon the death of the decedent, and shall at once become a lien upon said property, * * * and all administrators, executors and trustees shall be liable for all such, taxes” until the same shall have been paid. The administrator having in charge or .trust any property subject to such tax shall deduct the tax therefrom, or collect it from the legatee, and shall not deliver any spe *275 ciñe legacy or property subject to the tax to any person until he has collected the tax. If charged on real estate the heir or devisee shall deduct the tax therefrom and pay it to the executor or administrator, and the payment must be enforced by the executor or administrator. They are also given power to sell real estate where necessary to pay the tax. It is further made the duty of the executor or administrator, whenever any real estate of the decedent shall pass to another while subject to the tax, to give the probate judge notice of that fact. Where the tax has been paid under circumstances showing that it ought not to have been paid the executor' or administrator shall refund such taxes. And finally, as though to insure compliance by the executor or administrator with the preceding requirements, it is provided that no final settlement of the account of such administrator shall be accepted or allowed by the court unless it shall show, and the court shall find, that all taxes imposed by the provisions of the act, upon any property or interest therein, have been paid. An administrator de bonis non being one appointed where there is a vacancy in the administration by the resignation, removal or death of the first executor or administrator before the estate is fully administered and before a final accounting and discharge, it follows that an administrator de bonis non is a proper and necessary party in the working out of the enforcement of the collateral inheritance statute.
Nor does the fact that the -executrix, upon resigning, gave a small bond as residuary legatee in any way change the situation. By the resignation *276 she simply left the estate unadministered and her duty unperformed. The requirements of the collateral inheritance statute are not met by the substitution of a bond for the personal presence of a legal representative of the estate.
We are fully satisfied that the probate court properly overruled the motion to remove the administrator de bonis non; that the common pleas erred in sustaining the motion, and that the circuit court properly reversed the latter judgment. Its judgment 'will therefore be

Affirmed.

Price, C. J., Si-iauck, Crew, Summers and Davis, JJ., concur.